1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>CHARLES ROLLINS,<br><br>      Debtor.<br>———————————————<br>CHARLES ROLLINS,<br><br>      Appellant,<br><br>v.<br><br>ELEPHANT PRODUCTIONS, INC.,<br>ET AL.,<br><br>      Appellees.<br>——————————————— | Civil No. 14cv2849-WQH-JMA<br>Bankruptcy No. 13-11744-LA7<br><br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the appeal of "the judgment granting Summary Judgment to Plaintiff," entered by the Bankruptcy Court on November 6, 2014.  (ECF No. 1).

**I.  Background**

      **A.  Prior Litigation**

      "In or about 2004, [Appellee Elephant Productions, Inc.] and [Appellant Charles Rollins] entered into a joint venture agreement for production of a golf video produced and

1    paid for by [Elephant Productions, Inc.] with [Appellant] obligated to distribute the video
2    and pay [Elephant Productions, Inc.] a percentage of the revenues."   (Complaint to
3    Determine Dischargeability of Debt ¶ 6, ECF No. 11-2 at 14).   A dispute arose between the
4    parties over the joint venture agreement.   On November 24, 2010, Appellant filed a
5    complaint in San Diego County Superior Court against Appellee, alleging nine claims for
6    relief related to the joint venture.   (ECF No. 11-2 at 37).   The San Diego Superior Court
7    dismissed the case with prejudice.   (Bankruptcy Court's Findings of Fact and Conclusions
8    of Law ("FFCL"), ECF No. 11-6 at 22).

9         On September 22, 2011, Appellee filed a separate action in Texas state court against
10   Appellant, alleging breach of contract, breach of fiduciary duty, fraud, and malicious
11   prosecution (the "Texas Action").   *Id.*; *see also* ECF No. 11-5 at 14.   "[Appellant], who was
12   properly served with process, failed to respond."   (FFCL, ECF No. 11-6 at 22); *see also* Final
13   Default Judgment, ECF No. 11-5 at 33.   "On November 2, 2011, in the Texas Action,
14   [Appellees] moved for a default judgment against [Appellant] due to his failure to file an
15   answer in the case."   (FFCL, ECF No. 11-6 at 22).

16        Appellees Hastings and Lowman submitted affidavits in support of Appellees' motion
17   for default judgment.   (ECF No. 11-5 at 25-31).   The Texas Court held a hearing "at which
18   [Appellees] presented evidence of their damages."   (Final Default Judgment, ECF No. 11-5
19   at 34).   The Texas Court granted Appellees motion for default judgment and awarded
20   Appellee Elephant Productions, Inc. $322,708.47 in damages for fraud, $107,569.49 in
21   actual damages and $215,138.98 in exemplary damages (the "Texas Judgment").   *Id.*   The
22   Texas Court further awarded Appellees Elephant Productions, Inc., Lowman, and Hastings
23   $84,740.04 for malicious prosecution, $28,246.68 in actual damages and $56,493.36 in
24   exemplary damages.   *Id.*

25        The Texas Judgment states that the Texas court considered "the pleadings, the papers
26   on file in this case, and the evidence Plaintiff presented on liability and damages...."   *Id.* at
27   33. "Plaintiffs Elephant Productions, Inc. proved actual damages of $107,569.49 and
28   exemplary damages of $215,138.98. Plaintiffs Elephant Productions, Inc., Quincy Lowman,

1   and Jeff Hastings proved actual damages for malicious prosecution of $28,246.68 and

2   exemplary damages of $56,493.36." *Id.*

3        On March 5, 2012, Appellees obtained a "Judgment on Sister-State Judgment" in San

4   Diego County Superior Court pursuant to California Code of Civil Procedure section

5   1710.25 (the "California Judgment").  (ECF No. 11-6 at 35).

6   **B. The Pending Adversarial Proceeding**

7        On September 24, 2013, Appellant filed for Chapter 11 Bankruptcy, which was

8   converted to Chapter 7 on March 7, 2014.  (ECF No. 11 at 9; ECF No. 16 at 9).  On June 6,

9   2014, Appellees commenced this adversarial proceeding by filing the Complaint to

10  Determine Dischargeability of Debt pursuant to 11 U.S.C. sections 523(a)(2) and (6).  (ECF

11  No. 11-2 at 13).  On July 8, 2014, Appellant, proceeding *pro se*, filed an "Answer and

12  Objection to Plaintiff's Request to Determine Dischargeability of Debt" ("First Answer").

13  (ECF No. 11-3 at 3).  On September 24, 2014, Appellees filed a motion for summary

14  judgment. (ECF No. 11-5 at 3).  Appellees contended that the Texas Judgment had collateral

15  estoppel effect as to Appellant's fraud and malicious prosecution, and, as a matter of law,

16  the Texas Judgment is a nondischargeable debt owed by Appellant to Appellees pursuant to

17  11 U.S.C. sections 523(a)(2) and (6).[1]  On October 8, 2014, Appellant filed an "Answer to

18  Complaint to Determine Non-Dischargeability of Debt" ("Second Answer") instead of an

19  opposition to the motion for summary judgment. (ECF No. 11-5 at 63).  The Second Answer

20  added an affirmative defense, alleging that the Texas Judgment "fails to meet the 'actually

21  litigated' prong of the issue preclusion test" because Appellant never filed an answer in that

22  case. (ECF No. 11-5 at 68).  On October 20, 2014, Appellees filed a reply which responded

23  to contentions raised in Appellant's answer.  (ECF No. 11-5 at 3-7).

24       On November 4, 2014, Bankruptcy Judge Louise Adler issued a tentative ruling on

25

26  [1]  These subsections provide exceptions to "[a] discharge under [11 U.S.C.] section
    727, 1141, 1228(a), 1228(b), or 1328(b)...." 11 U.S.C. § 523(a).  Subsection (2) provides
27  an exception for debt incurred by fraud, and subsection (6) provides an exception for debt
    incurred from "willful and malicious injury by the debtor to another entity or to the
28  property of another entity."  11 U.S.C. §§ 523(a)(2) and (6).

3                                                    14cv2849-WQH-JMA

the motion for summary judgment, which noted that the "Court has considered (although is not required to do so), defendant's answer to the complaint." (ECF No. 11-6 at 13). The tentative order stated that Appellees had proven fraud and wanton and malicious conduct under Texas law in the Texas Action, and therefore were entitled to assert collateral estoppel. On November 6, 2014, the bankruptcy court held a hearing on the motion and issued a minute entry, indicating that the "Motion for Summary Judgment is granted on the grounds set forth in the tentative ruling." (ECF No. 11-6 at 17). The bankruptcy court subsequently issued an order granting the motion for summary judgment on November 24, 2014. (ECF No. 11-6 at 41). The order granting the motion for summary judgment states that the Texas and California Judgments are given preclusive effect because "(a) [u]nder Texas law, Plaintiffs have established, by a preponderance of evidence, that Defendant's actions were both fraudulent and wanton and malicious in nature; and (b) [i]n procuring a punitive damages award in the Texas trial court, Plaintiffs met their evidentiary burden for collateral estoppel purposes." *Id.*

On November 24, 2014, the bankruptcy court issued its Findings of Fact and Conclusions of Law ("FFCL") regarding the Complaint, concluding that the Texas Judgment and California Judgment for fraud and malicious prosecution were nondischargeable debts under 11 U.S.C. sections 523(a)(2) and (6), respectively. (ECF No. 11-6 at 24). The bankruptcy court found that the elements of fraud are "virtually identical" under Texas law and 11 U.S.C. section 523(a)(2). *Id.* at 23 (citation omitted). The bankruptcy court concluded that the Texas Judgment was "an adjudication of the issue of fraud that is identical to find a debt nondischargeable under 11 U.S.C. § 523(a)(2)(A)." *Id.* The bankruptcy court also found that "[t]he elements of malicious prosecution, as proved in the Texas Action, fit squarely within the exception to discharge for willful and malicious injury under 11 U.S.C. § 523(a)(6)." *Id.* The bankruptcy court concluded that the Texas Judgment "was an adjudication of the issue of fraud that is identical to find a debt dischargeable under 11 U.S.C. § 523(a)(6)." *Id.*

On November 28, 2014, Appellant commenced this bankruptcy appeal by filing the notice of appeal.  (ECF No. 1).  On April 3, 2014, Appellant filed an opening brief.  (ECF No. 11).  On May 15, 2015, Appellants filed a brief.  (ECF No. 16).  On June 12, 2015, Appellant filed a Notice of Intention to Cite New Authority at Oral Argument (ECF No. 22), which cites *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456 (9th Cir. BAP 2015).  On June 18, 2015, the Court held oral argument.  (ECF No. 23).

**II. Discussion**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. section 158.  A bankruptcy court's decision to grant summary judgment is reviewed *de novo*.  *Black v. Bonnie Springs Family Ltd. P'ship (In re Black)*, 487 B.R. 202, 210 (9th Cir. BAP 2013).  "Viewing the evidence in the light most favorable to the nonmoving party, [the Court] must determine whether any genuine issues of material fact exist and whether the bankruptcy court correctly applied the relevant substantive law."  *Id.*  "[T]he availability of issue preclusion is reviewed *de novo*."  *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 103 (9th Cir. BAP 2007).  "If issue preclusion is available, the decision to apply it is reviewed for abuse of discretion."  *Id.*  The party asserting collateral estoppel "has the burden of showing that the issue was actually adjudicated in a prior proceeding."  *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1066 (9th Cir. 1994).  "Any reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the collateral estoppel effect."  *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995).

**A. Construing Appellant's Second Answer as an Opposition**

Appellant contends that the bankruptcy court erred by not construing his Second Answer, a *pro se* filing, as an opposition to Appellees' motion for summary judgment.  Appellees contend that the bankruptcy court did not err in failing to construe the Second Answer as an opposition because: (1) the bankruptcy court considered the Second Answer in ruling on the motion for summary judgment; (2) Appellant did not follow the Local Bankruptcy Rules; and (3) Appellees' moving papers were "legally sufficient to support the

requested relief." (ECF No. 16 at 19).

The bankruptcy court considered Appellant's Second Answer in ruling on the motion for summary judgment. *See* ECF No. 11-6 at 13 ("In rendering this tentative ruling, Court has considered (although is not required to do so), defendant's answer to the complaint."); *see also* ECF No. 11-6 at 17) (granting motion for summary judgment on "the grounds set forth in the tentative ruling"). The bankruptcy court did not err by considering Appellant's Second Answer but failing to construe it as an "opposition" in its tentative order, which was later adopted into its final order.

### B.  Issues Fully and Fairly Litigated in the Texas Action

A judgment "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. "Under 28 U.S.C. § 1738, a federal court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect." *Marrese v. Am. Acad. of Orthopeadic Surgeons*, 470 U.S. 373, 376 (1985). Accordingly, the preclusive effect of the Texas Judgment is determined by Texas law.

Under Texas law, a party asserting collateral estoppel (or issue preclusion) must establish: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Calabrian Corp. v. Alliance Specialty Chems., Inc.*, 418 S.W.3d 154, 158 (Tex. App. 2013).

Appellant contends that the facts pertinent to the bankruptcy court's finding of nondischargeable debts under 11 U.S.C. sections 523(a)(2) and (6) were not fully and fairly litigated in the Texas Action. Appellant contends that an action resulting in a "no answer default judgment" cannot be deemed to have been fully and fairly litigated. (ECF No. 11 at 18). Appellant contends that the Texas Action was not fully and fairly litigated because he never presented evidence, and Appellees only presented evidence on damages, and not

liability for fraud or malicious prosecution. Appellant contends that, even if Appellees met their evidentiary burden of proving fraud and malicious prosecution, Appellees are not entitled to relief pursuant to sections 523(a)(2) and (6) because the elements "are not an exact match." *Id.* at 28.

Appellees contend that the Texas Judgment entered against Appellant is specifically for fraud and malicious prosecution. Appellees contend that Appellant's failure to appear "is taken as an admission of the allegations of the plaintiff's complaint" under Texas law, and no evidence is required to support the judgment. (ECF No. 16 at 16). Appellees assert that they were required to present evidence of Appellant's alleged fraud or malicious prosecution in order to obtain exemplary damages.

To determine what issues were "fully and fairly litigated" in a previous action under Texas law, the Court "must first ascertain exactly what issues were decided in the [first] action to determine whether those findings might preclude" claims in the second action. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 519 (Tex. 1998). "[A]ctual litigation occurs '[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined.'" *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985) (citation omitted). "[W]hat must be presented from the first lawsuit is so much of the record as will establish that the issue sought to be precluded is identical to that in the first suit and that it was fully and fairly litigated at that time. In some cases, the live pleadings and judgment may be sufficient. In other cases ... it may not be sufficient." *Centre Equities, Inc. v. Tingley*, 106 S.W.3d 143, 153 (Tex. App. 2003).

In this case, Appellees seek collateral estoppel effect of a Texas no-answer default judgment. Under Texas law, "where the court enters a default judgment after conducting a hearing or trial at which the plaintiff meets his evidentiary burden, the issues raised therein are considered fully and fairly litigated for collateral estoppel purposes." *Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997). In a no-answer

1    default judgment, "the defendant is deemed to have admitted all of the plaintiff's allegations

2    with respect to liability." *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1204 (5th

3    Cir. 1996). Therefore, "[c]ourts generally hold that no-answer default judgments fail to meet

4    the 'actually litigated' prong of the issue preclusion test." *Id.*

5            However, "conduct sufficient to warrant punitive damages is not regarded as admitted

6    by default." *Id.* at 1205. In order to recover exemplary or punitive damages, the claimant

7    must rely on a statute "establishing a cause of action authorizing exemplary damages" or

8    otherwise prove "by clear and convincing evidence that the harm with respect to which the

9    claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3)

10   gross negligence." Tex. Civ. Prac. & Rem. Code § 41.003(a). "Fraud" means "fraud other

11   than constructive fraud." *Id.* § 41.001(6). "Malice" means "specific intent by the defendant

12   to cause substantial injury or harm to the claimant." *Id.*  § 41.001(7). To obtain exemplary

13   damages for "gross negligence," the "[p]laintiffs must prove by clear and convincing

14   evidence that 1) when viewed objectively from the defendant's standpoint at the time of the

15   event, the act or omission involved an extreme degree of risk, considering the probability and

16   magnitude of the potential harm to others and 2) the defendant had actual, subjective

17   awareness of the risk involved, but nevertheless proceeded with conscious indifference to

18   the rights, safety, or welfare of others." *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118,

19   137 (Tex. 2012). A plaintiff must meet this same burden before recovering exemplary or

20   punitive damages in a default judgment. *See In re Estate of Preston*, 346 S.W.3d 137, 168

21   (Tex. App. 2011). In a default judgment, the issue of a litigant's "mental state" may be

22   considered "fully and fairly litigated for collateral estoppel purposes[,]" where punitive or

23   exemplary damages are awarded. *Gober*, 100 F.3d at 1204.

24           In this case, the record does not demonstrate that the elements of Appellees' common

25   law fraud and malicious prosecution claims were actually litigated. In a no-answer default

26   judgment, "the defendant is deemed to have admitted all of the plaintiff's allegations with

27   respect to liability." *In re Gober*, 100 F.3d at 1204.

28

14cv2849-WQH-JMA

On the other hand, Appellees were required to present clear and convincing evidence of "fraud," "malice," or "gross negligence," as defined by Texas Civil Practice & Remedies Code section 41.001, in order to support the exemplary damages award.[2]  The Texas Judgment notes that the court considered "the pleadings, the papers on file in this case, and the evidence Plaintiff presented on liability and damages...." (Final Default Judgment, ECF No. 11-5 at 33).  The only factual findings contained in the Texas Judgment relate to service on Appellant and the amount of Appellees' damages.  The Texas Judgment does not specify whether the Texas court's exemplary damages awards were based on findings of "fraud," "malice," or "gross negligence."

In support of their motion for summary judgment, Appellees submitted the affidavits that they filed in the Texas Action in support of their motion for default judgment.  These affidavits contain conclusory allegations and do not demonstrate that any issue was actually litigated. *See, e.g.*, ECF No. 11-5 at 25 ("Rollins made material false representations in order to induce Elephant Productions, through Lowman and myself, to enter into an agreement for the production of the video); *id.* ("The lawsuit was frivolous on the merits, but was also deliberately filed in a court in California that did not have jurisdiction.").

Based on the summary judgment record presented in the bankruptcy court, where Appellees were burdened to demonstrate that collateral estoppel applied, *see Pardo*, 40 F.3d at 1066, the record is not sufficient to conclude that Appellant's alleged "fraud" or "malice" was fully and fairly litigated.  The Texas court may have awarded exemplary damages based on a finding of "fraud," "malice," *or* "gross negligence."  Because it is possible that the Texas court did not base its exemplary damages award on findings of "fraud" or "malice," it cannot be concluded that Appellant's alleged "fraud" or "malice" was fully and fairly

---

[2]   Clear and convincing evidence of fraud, malice, or gross negligence is required for an award of exemplary damages for malicious prosecution and fraud causes of action because they are common law, rather than statutory, causes of action.  *See* Tex. Civ. Prac. & Rem. Code §§ 41.003(a).

14cv2849-WQH-JMA

1 litigated based on the present record.[3]

2 **III.  Conclusion**

3       IT IS HEREBY ORDERED that the order granting summary judgment in favor of

4 Appellees is REVERSED.  This action is REMANDED to the United States Bankruptcy

5 Court for the Southern District of California for further proceedings.  The Clerk of the Court

6 shall close the case.

7

8 DATED:  July 7, 2015

9 **WILLIAM Q. HAYES**
  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     [3]  Because the record does not demonstrate that the issues of "fraud" and "malice"

26 were fully and fairly litigated, the Court does not reach the second step of the analysis, *i.e.*, whether findings of "fraud" or "malice" under Texas Civil Practice & Remedies

27 Code sections 41.001(6) and (7) have collateral estoppel effect with respect to some or all elements of 11 U.S.C. sections 523(a)(2) and (6).

28